UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KEITH LOGAN,

    Petitioner,

v.                        Case No.:  5:22-cv-12-SPC-PRL

WARDEN, FCC COLEMAN II,

    Respondent.

_____/

**OPINION AND ORDER**[1]

Before the Court is Petitioner Keith Logan's Motion for Relief Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) and 60(b)(6) (Doc. 6).  Logan is serving a life sentence in federal prison following a conviction in the Superior Court of the District of Columbia.  He filed a federal habeas petition under 28 U.S.C. § 2254, arguing the District of Columbia Court of Appeals violated his due process rights in denying his motion for rehearing.  (Doc. 1).  The Court dismissed the Petition under D.C. Code § 23-110, which strips federal courts of jurisdiction over habeas claims absent a showing that § 23-110 is inadequate

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

or ineffective. (Doc. 4). Logan requests relief from that Order under Federal Rule of Civil Procedure 60(b).

Logan argues he cannot collaterally attack the appellate court decision in a § 23-110 action, and that is true. § 23-110 does not give the D.C. Superior Court authority to review appellate proceedings. *Williams v. Martinez*, 586 F.3d 995, 998-99 (D.C. Cir. 2009). Thus, § 23-110 does not bar this action. But this Court still lacks jurisdiction to consider Logan's Petition. Although Logan frames his argument as a collateral attack based on due process, it is instead a direct attack that must be raised at the next level of appellate review.

Logan takes issue with the "factual findings" of the D.C. Court of Appeals.[2] He asks this Court to "review the record do novo to determine if the factual findings of the DCCA were fairly supported by the evidence presented." (Doc. 1 at 52). That is "beyond this Court's jurisdiction because 'the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings.'" *Waters v. Lockett*, 956 F. Supp. 2d 109, 113 (D.D.C. 2013) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983)). "Such is the exclusive province of the Supreme Court[.]" *Id.; see also* 28 U.S.C. § 1257.

---

[2] Logan's argument, as stated, is based on a misunderstanding of the nature of appellate review. "[A]ppellate courts are not fact finders." *United States v. Barton*, 909 F.3d 1323, 1336 (11th Cir. 2018). After a defendant has been found guilty, it is proper for the appellate court to consider the evidence "in the light most favorable to the prosecution." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

2

Although the Court's initial order dismissing this action is flawed, it reached the correct result—this Court lacks jurisdiction to consider Logan's Petition. The other argument Logan raises in his Motion—that the Court should consider his petition under § 2254 rather than § 2241—is immaterial. The Court lacks jurisdiction regardless.

Accordingly, it is now

**ORDERED:**

Petitioner Keith Logan's Motion for Relief Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) and 60(b)(6) (Doc. 6) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 23, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:    All Parties of Record
           The Clerk of the Eleventh Circuit Court of Appeals